36324. RUPEK *v.* PIG'N WHISTLE, INC.

DECIDED SEPTEMBER 25, 1956.

*Kyle Yancey*, for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.*, contra.

NICHOLS, J. ■ "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104.

The petition charged the defendant corporation with negligence because a waitress employed by the defendant corporation, acting within the scope of her employment, approached the plaintiff from the rear holding a tray which contained a bowl of boiling soup, that the waitress held such tray above the plaintiff's head and carelessly and without regard to the safety of the plaintiff negligently spilled such soup upon petitioner's neck and back.

On the trial of the case the plaintiff testified that her first knowledge of anything being wrong was when she felt the hot soup on her back. One witness for the plaintiff testified in effect that she heard the plaintiff scream and saw the soup that had spilled on the plaintiff's back, while another witness for the plaintiff testified that she saw the soup fall but could not tell how it happened. Jeanette Bryant, when called as a witness for the purpose of cross-examination by the plaintiff, testified that she was an employee of the corporation at the time the injury complained of occurred, and that she was the waitress carrying the tray from which the bowl of hot soup fell onto the plaintiff. This same witness, when called as a witness for the defendant, testified, "You ask me to tell the jury in my own language just what happened on the occasion that we have under investigation here regarding the spilling of this soup on this lady here, the plaintiff. When we come out of the kitchen we have to push the door with one hand and bring the tray out with the other, and it is about as far from the kitchen door to the table where she was sitting as to

that bench. We have to turn a curve around the tables and, as I was going around the curve, the ladies were sitting there with their backs turned, and this gentleman got up from the round table and he started through the aisle and, when he did, I stopped and waited a few moments for him to come on through. Well, instead, he turned around and started talking to another fellow at this table and, when I seen him do that, I started to go by. I just started on through the aisle and, when I did, he come around with his coat on his arm like this to sling his arm in his coat and he hit my tray, and that's when it went down the lady's back. That is exactly what happened, and I apologized to the lady for it."

Assuming that at the conclusion of the plaintiff's evidence she had made out a case with the aid of the doctrine of res ipsa loquitur, inasmuch as her evidence showed conclusively that she was injured by an instrumentality in the sole control of the defendant which would not have caused the injury unless there had been some negligence, and this is true although there was no evidence introduced by the plaintiff as to how the defendant was negligent, however, "Where there is some intervention or intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable." *Floyd* v. *Swift & Co.*, 59 *Ga. App.* 154, 157 (200 S. E. 531), and cases cited. Therefore, in the present case where no evidence was introduced as to any negligence on the part of the defendant, and in view of the evidence presented by the defendant the doctrine of ipsa loquitur is not applicable and the verdict directed by the trial court was demanded by the evidence. Accordingly, the trial court did not err in directing such verdict.

■ Inasmuch as the verdict directed by the trial court was demanded by the evidence, the assignments of error with reference to the selection and qualification of a jury need not be considered.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*